# FLEMING *v.* DISTRICT OF COLUMBIA.

---

CRIMINAL LAW; VAGRANCY; STATUTES.

1. *Quære,*—whether· the act of Congress of March 3, 1909 (35 Stat. at L. 711, chap. 250), defining vagrancy, by implication repeals all or any part of the act of Congress of July 8, 1898 (30 Stat. at L. 723, chap. 638), upon the same subject.

2. Proof of a single immoral act does not bring one within the meaning
   of a statute defining vagrants to be "all persons leading an idle,
   immoral, or profligate life, who have no property to support them,
   and who are able of body to work and do not work." (Construing the
   act of Congress of March 3, 1909 (35 Stat. at L. 711, chap. 250),
   defining vagrancy.

3. *Quære,*—whether one prosecuted in the police court for vagrancy under
   the act of Congress of March 3, 1909, defining vagrancy, has the abso-
   lute right to be tried by a jury, with or without demand on his part
   for such a trial.

No. 2011. Submitted October 12, 1909. Decided November 2, 1909.

In ERROR to the Police Court of the District of Columbia.
                              *Judgment reversed.*

The facts are stated in the opinion.

*Mr. Thomas L. Jones* and *Mr. Marion T. Clinkscales* for
the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Fran-
cis H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This case is before us on a writ of error to the police court.
The information charges that the accused, Jerry Fleming, is
and has been "a vagrant, to wit, an idle person; a person with-
out any visible means of support; a person repeatedly in and
about the streets, avenues, alleys, roads, and highways, and
leading an idle and immoral life; found repeatedly loitering
in and around tippling houses on said streets and avenues,
contrary to and in violation of an act for the preservation of
the public peace and the protection of property, etc., approved
July 8th, 1898, amended March 3d, 1909."

The accused made no demand for a trial by jury, was found
guilty, and sentenced to enter into security in the sum of $300

for his good behavior for one year, or else to be committed to the workhouse for ninety days.

The testimony on behalf of the District tended to show that, on the evening of March 6th, 1909, the accused was seen on the street by the prosecuting witness, whom he solicited to engage in a shockingly immoral act. The witness had never seen the accused before, did not know whether he worked, or could give an account of himself, and had never heard of his having committed any offense.

The accused, having been convicted, moved for a new trial and in arrest of judgment. The motions are not contained in the record, but the grounds thereof are substantially recited in the bill of exceptions as follows: 1. The judgment is contrary to law. 2. The evidence is insufficient to sustain the charge. 3. The information is founded on the act of July 8, 1898, which was repealed by the act of March 3d, 1909. 4. The information does not charge an offense under either of said acts. 5. The act of March 3d, 1909, is unconstitutional and void because it deprives the accused of the right of trial by jury. The motions were overruled, and the accused sentenced as aforesaid.

The information undertakes to bring the offense within the act of 1898, as amended by that of 1909. The sentence is under the latter act, which differs in its provisions in that respect, as well as others, from the earlier one.

The act of July 8th, 1898, reads as follows: "That all vagrants, all idle and disorderly persons, persons of evil life or evil fame, persons who have no visible means of support, persons repeatedly drunk in or about any of the streets, avenues, alleys, roads, highways, or other public places within the District of Columbia, persons repeatedly loitering in or around tippling houses, all suspicious persons, all public prostitutes, and all persons who lead a lewd or lascivious course of life, shall, upon conviction thereof, be fined not to exceed forty dollars, or shall be required to enter into security for their good behavior for a period of six months. Said security shall be in the nature of a recognizance to the District of Columbia,

to be approved by the court, in a penalty not exceeding five hundred dollars, conditioned that the offender shall not, for the space of six months, repeat the offense with which he or she is charged, and shall in other respects conduct themselves properly."

It is not contended on behalf of the District that the evidence tended to prove an offense under said act, which punishes all "vagrants" and the other classes of persons, among whom are such as lead a "lewd and lascivious course of life." While the evidence might possibly have warranted a conviction of the accused as one who led such a life, there is no such charge in the information. The information was evidently regarded as presenting an offense under the act of March 3d, 1909, for it is said in the brief for the District that "it is clear that the police court found, from the evidence in this case, that the defendant was a moral pervert, and that he was a person leading an immoral and profligate life under the provisions of the statute of March 3d, 1909, defining vagrancy."

Under the condition stated, it is unnecessary to consider whether the act of 1909, by implication repeals all or any part of the act of 1898. The earlier act, it will have been observed, relates not only to vagrants, without undertaking to define the meaning of the term, but also to certain disorderly persons, and others leading idle and irregular lives. The act of 1909 relates to vagrants only, but gives an elaborate statement of the classes of persons who are declared to be within the meaning of that term. The portion of the same within the comprehension of which it is contended the evidence brought the accused was as follows: "All persons leading an idle, immoral, or profligate life, who have no property to support them, and who are able of body to work and do not work."

Proof of a single immoral act does not bring one within this provision. The person accused not only must lead an idle, immoral, and profligate life, but must also have no property to support him, and be able to work without doing so. The information does not charge, nor does the evidence tend to show, the existence of these necessary conditions.

The statute must be enforced according to its plain terms. Whether there be a statute or public regulation under which the conduct of the accused can be punished as a specific offense, we are not advised. If there is not, there should be a statute to meet the conditions shown by the evidence. This conclusion renders it unnecessary to consider the question of the right to jury trial under the act of 1909. The provision relating thereto is to be read in connection with sec. 44 of the Code [31 Stat. at L. 1196, chap. 854], and whether the accused, in a case coming under the act of 1909, shall have an absolute right to be tried by a jury, with or without demand, will be reserved for determination until some case shall be presented in which the question is necessarily involved.

For the reasons given, the judgment will be reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion.          *Reversed.*